## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **ALEX MEHRABI** | ) | **Case No. 15-11395-RGM** |
| | ) | **Chapter 13** |
| _____Debtor_____ | ) | |
| | ) | |
| Alex Mehrabi | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | **Adv. Pro. No. 15-01097-RGM** |
| | ) | |
| Chicago Title Insurance Company, et al. | ) | |
| | ) | |
| Defendants | ) | |

### WELLS FARGO BANK, N.A.'S
### AMENDED MEMORANDUM IN SUPPORT OF
### MOTION TO DISMISS WELLS FARGO BANK, N.A.

Wells Fargo Bank, N.A. ("Wells Fargo"), by counsel, files its Amended Memorandum in Support of its Motion to Dismiss Debtor/Plaintiff, Alex Mehrabi's Complaint as to Wells Fargo Bank, N.A. pursuant to Bankruptcy Rule 7012(b) and Rule 12(b)(6) of the Federal Rules of Procedure.

### Material Facts

This matter arises out of a dispute regarding the ownership of real property located at 4817 Autumn Glory Way in Chantilly, Virginia (the "Property"). Comp. ¶ 4. The essence of Plaintiff's claim is that his mother-in-law, Iran Zolfaghar ("Zolfaghar"), is named as a grantee in the deed of conveyance to the Property (in addition to Plaintiff and his ex-wife, Sharbou Azar Hijian). Comp. ¶¶ 10-11. Plaintiff does not believe that Zolfaghar should have been included in the deed or have an interest in the Property. Id.

Although named as a grantee on the deed of conveyance, Zolfaghar did not execute the purchase money deed of trust (the "Deed of Trust"). Comp. ¶ 13. As a result, Wells Fargo initiated a suit in the Fairfax County Circuit Court to reform the Deed of Trust or otherwise make Zolfaghar' s interest in the Property made subject to the Deed of Trust. Comp. ¶ 17. That suit has been resolved and Plaintiff has attempted an appeal to the Virginia Supreme Court. Comp. ¶ 20. Importantly, Plaintiff does not contend that he did not sign the Deed of Trust or that his interest in the Property is not subject to the Deed of Trust.

As set forth more fully below, the Complaint fails to state a claim against Wells Fargo and is barred by the doctrine of res judicata.

## Argument

### I.      Standard of Review

Under the U.S. Supreme Court's decisions in Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) and Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007), in order to survive a motion to dismiss under Rule 12(b) (6) (as incorporated by Bankruptcy Rule 7012), the complaint must state a claim that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Hackman v. Wilson (In re Hackman), Case No. 10-17176-BFK, 2015 Bankr. LEXIS 2378, *13 (Bankr. E.D. Va. July 20, 2015) (citing Twombly, 550 U.S. at 556). While the Court must accept as true all well-pleaded facts in the complaint, it is not required to accept allegations that are legal conclusions. Id. (citing Walters v. McMahen, 684 F.3d 435 (4th Cir. 2012). Moreover, "[t]he mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." Walters, 684 F.3d 435 (citing Iqbal, 556 U.S. at 678.

**Argument**

**II.     The Complaint Fails to State a Claim against Wells Fargo.**

Plaintiff's cause of action against Wells Fargo appears to be based solely on a "breach of dealing in good faith with their borrower, Alex Mehrabi". Comp. ¶ 23. As his factual support of that claim, Plaintiff alleges that Wells Fargo: (1) acquired the loan secured by the Deed of Trust and discovered that Zolfaghar had not joined in the Deed of Trust, even though she had an interest in the Property; (Comp. ¶ 13); (2) made a claim on its title insurance policy (Comp. ¶ 14); (3) employed counsel (Comp. ¶ 15); and (4) filed a suit in the Fairfax County Circuit Court to reform the Deed of Trust to include Zolfaghar's interest in the Property. Plaintiff's allegations are insufficient to sustain an action based on a claim of a breach of a duty to deal in good faith, if a separate cause of action of this nature actually exists under Virginia law.

    A. *Virginia law does not recognize a separate cause of action for breach of an implied warranty of good faith and fair dealing.*

The Virginia Supreme Court has held, unequivocally, "in Virginia, when parties to a contract create valid and binding rights, an implied covenant of good faith and fair dealing is <u>inapplicable</u> to those rights. This is so under either the common law or the Uniform Commercial Code." <u>Ward's Equip. v. New Holland N. Am.</u>, 254 Va. 379, (1997) (emphasis supplied). In addition, "[g]enerally, such a covenant cannot be the vehicle for rewriting an unambiguous contract in order to create duties that do not otherwise exist. <u>Id.</u>

The Circuit Court for the City of Richmond rejected Plaintiff's exact claim on demurrer in <u>Emanuel v. Bank of Am., N.A.</u>, 89 Va. Cir. 272 (Va. Cir. Ct. 2014). In that case, the court said, "there is no Virginia authority that a cause of action of good faith and fair dealing exists." <u>Id.</u> at 273. Not only is there no common law cause of action, the Virginia Supreme Court has said that there is no such independent statutory cause of action in Virginia under the Uniform

3

Commercial Code. <u>Charles E. Brauer Co. v. Nationsbank of Va., N.A.</u>, 251 Va. 28, 33 (1986). As a result, the court in <u>Emanuel</u> sustained Bank of America's demurrer and dismissed the count for breach of implied covenant of good faith and fair dealing. 89 Va. Cir. at 273. Because Virginia law does not support an independent cause of action for breach of an implied covenant of good faith and fair dealing, the Motion to Dismiss should be granted and the Complaint dismissed as against Wells Fargo.

> B. *Even if Virginia law did recognize a cause of action for breach of an implied covenant of good faith and fair dealing, Plaintiff has failed to plead sufficient facts to make such a claim facially plausible.*

Notwithstanding the Virginia Supreme Court's clear statement in <u>Ward's Equip.</u>, and the circuit court's view in <u>Emanuel</u>, some federal courts have suggested that such a covenant does exist. However, even those courts have make clear that breach of those duties only gives rise to a breach of contract claim, not a separate cause of action. <u>Frank Brunckhorst Co., L.L.C. v. Coastal Atl., Inc.</u>, 542 F. Supp. 2d 452, 462, (E.D. Va. 2008). "[T]he implied covenant of good faith and fair dealing does not create affirmative obligations, but rather is 'simply a manifestation of conditions inherent in expressed promises,' and is designed to prevent a party from 'acting in such a manner as to prevent the other party from performing his [or her] obligations under the contract.'" <u>Cagle v. CitiMortgage, Inc.</u>, No. 3:13cv807, 2015 U.S. Dist. LEXIS 57612, *30 (E.D. Va. May 1, 2015) (quoting <u>Chance v. Wells Fargo Bank, N.A.</u>, No. 3:12cv320-JRS, 2012 U.S. Dist. LEXIS 137507, 2012 WL 4461495 (E.D. Va. Sept. 24, 2012). Here, there is no allegation that Wells Fargo acted in such a manner as to prevent Plaintiff from performing his obligations under the Deed of Trust.

In addition, Plaintiff has not alleged a breach of any provisions of the Deed of Trust or of any other contractual duty that Wells Fargo might have owed Plaintiff. On the contrary, Plaintiff

simply pleads that Wells Fargo took action necessary to protect its security interest in the Property by filing suit in the Fairfax County Circuit Court. There is no allegation that such an act was a breach of any contractual obligation between Wells Fargo and Plaintiff. Moreover, the act of filing such suit is subject to absolute privilege. Mansfield v. Bernabei, 284 Va. 116 (2012); Penick v. Ratcliffe, 149 Va. 618 (1927). As a result, Plaintiff's Complaint fails to state a claim against Wells Fargo and it must be dismissed.

### III.     The Complaint is barred as to Wells Fargo by res judicata.

*A. Virginia's principles governing* res judicata *apply to this matter.*

Under 28 U.S.C. § 1738, federal courts must "apply the law of the rendering state to determine the extent to which a state court judgment should have preclusive effect in a federal action." RFT Mgmt. Co., LLC v. Powell, No. 14-1488, 2015 U.S. App. LEXIS 5743 (4th Cir. Jan. 29, 2015) (unpublished opinion). Rule 1:6 of the Rules of the Supreme Court of Virginia governs the law of res judicata in the Commonwealth and says, in pertinent part:

> A party whose claim for relief arising from identified conduct, a transaction, or an occurrence, is decided on the merits by a final judgment, shall be forever barred from prosecuting any second or subsequent civil action against the same opposing party or parties on any claim or cause of action that arises from that same conduct, transaction or occurrence, whether or not the legal theory or rights asserted in the second or subsequent action were raised in the prior lawsuit, and regardless of the legal elements or the evidence upon which any claims in the prior proceeding depended, or the particular remedies sought. A claim for relief pursuant to this rule includes those set forth in a complaint, counterclaim, cross-claim or third-party pleading.

Importantly, under Virginia law, res judicata not only bars claims actually brought or asserted, but also those claims that could have been litigated. Va. S. Ct. R. 1:6; Smith v. Ware, 244 Va. 374, 376 (1992). Because Plaintiff's prior suit against Wells Fargo was dismissed with prejudice on the merits, he is forever barred from prosecuting any second action against Wells Fargo regarding the same conduct, transaction or occurrence, including this action.

### B. *Plaintiff already filed a prior action against Wells Fargo*.

As alleged in his Complaint, Wells Fargo filed suit in the Fairfax County Circuit Court to reform the Deed of Trust to subject Zolfaghar's interest in the Property to that lien (the "Prior Action"). Conveniently, Plaintiff omitted that he filed a Counterclaim against Wells Fargo in the Prior Action.[1] In addition, Plaintiff misstates the procedural status of the Prior Action.

Although Plaintiff was named as a party in the Prior Action, he was named solely because he had an interest in the Property. However, as is evident from the pleadings, Wells Fargo did not seek any relief against Plaintiff.[2]

Zolfaghar consented to the relief sought by Wells Fargo and on July 14, 2014, the Fairfax County Circuit Court entered an Order reforming the Deed of Trust to include her interest (the "Reformation Order"). That Order is recorded among the land records of Fairfax County in Deed Book 23729 at Page 83. For each of reference a copy of the Reformation Order is attached as **Exhibit 2**.

Thereafter, on July 18, 2014, even though Wells Fargo had already obtained the relief it requested, Plaintiff filed a responsive pleading that included a Counterclaim against Wells Fargo. A copy of that pleading is attached as **Exhibit 3**. Wells Fargo responded to the Counterclaim by filing a Demurrer and Plea in Bar. After the parties fully briefed the issues and the circuit court

---

[1] Because he refers to the Prior Action in his Complaint and the pleadings in that case are public documents, this Court can refer to them without converting this Motion to Dismiss into a Motion for Summary Judgment. Norfolk Fed'n. of Bus. Dists. V. Hud, 932 F. Supp. 730, 737 (E.D. Va. 1996) (holding that a public document may be considered by the court in making a determination under Rule 12(b)(6) without converting the motion into one for summary judgment); see also 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (1990); Enervations, Inc. v. 3M, 380 F.3d 1066, 1069 (8th Cir. 2004) ("documents 'necessarily embraced by the complaint' are not matters outside the pleading.") (external citations omitted).

[2] A true and correct copy of the Complaint filed by Wells Fargo is attached as **Exhibit 1**.

held a hearing, on October 14, 2014, the court entered an order sustaining the Plea in Bar and dismissing the Counterclaim with prejudice. A copy of that Order is attached as **Exhibit 4**.

On December 19, 2014, after the Court dismissed his Counterclaim, Plaintiff moved to vacate the Reformation Order. Because Wells Fargo did not seek any relief against Plaintiff and the Reformation Order granted all the relief Wells Fargo sought, Wells Fargo nonsuited the matter as to the remaining defendants, including Plaintiff. On January 23, 2015, the circuit court entered a final order nonsuiting the remainder of the case. A copy of that Order is attached as **Exhibit 5**.

Under Virginia Supreme Court Rule 1:1, that order – as well as the order dismissing Plaintiff's Counterclaim – became final on February 13, 2015 (21 days later). From that point forward, Plaintiff was "forever barred from prosecuting any second or subsequent civil action" against Wells Fargo "on any claim or cause of action that arises from that same conduct, transaction or occurrence." Va. Sup. Ct. R. 1:6.

### C. The claims raised in Plaintiff's Counterclaim arise from the same transaction or occurrence as those contained in this case.

Under Virginia law, <u>res judicata</u> not only bars claims actually brought or asserts in an earlier lawsuit, but also those claims that <u>could have been brought</u>. Va. S. Ct. R. 1:6; <u>Smith v. Ware</u>, 244 Va. 374, 376 (1992). In addition, as Rule 1:6 says, <u>res judicata</u> applies to a claim for relief raised in a "counterclaim."

In his Counterclaim in the Prior Action, Plaintiff alleged "unbeknown to Defendant Mehrabi, the name of Iran Zolfaghar was added by the Bank and the title company to the Deed transferring the property to the parties." Ex. 3, Counterclaim ¶ 3. In addition, Plaintiff alleged "The Bank had an affirmative duty of care and an obligation to inform Mr. Mehrabi of the addition of Ms. Zolfaghar's name to the title to this property. <u>Id.</u>¶ 5. Plaintiff further alleged, "In

gross violation of this duty and obligation and with wanton disregard, the Bank and its agents the mortgage company and First Washington Title Company, failed to inform he Defendant as to the addition of this name. Id. ¶ 6. Based on these allegations, and others, Plaintiff alleged that he "has suffered damages in and is also entitled to recover punitive damages in the amount of $5,000,000.00." Id. Ad. Damnum. In addition, Plaintiff sought entry of an order "decreeing that the Deed of Trust to this property cannot be reformed. Id. Ad. Damnum.

As these allegations clearly show, the Complaint here arises from the same conduct, transaction, or occurrence as the Prior Action. Consequently, it is barred by res judicata.

> ### D. The Prior Action was decided by a final decision on the merits.

Under Virginia law, "[a] general demurrer which denies the right of the plaintiff to recover on the cause of action alleged, which is sustained, is a decision on the merits." Carter v. Brooks, 77 Va. Cir. 363, 366 (Va. Cir. Ct. 2009) (citing Brunner v. Cook, 134 Va. 266 (1922)); see also Raley v. Haider, 286 Va. 164 (2013) ("As a general proposition, a judgment of dismissal that expressly provides it is 'with prejudice' operates as res judicata and is conclusive of the rights of the parties as if the suit had been prosecuted to a final disposition adverse to the plaintiff."). The Reformation Order entered by the circuit court granted all of the relief sought by Wells Fargo in the Prior Action and was a final decision on the merits as to those matters. Moreover, the order dismissing the Counterclaim likewise was a final decision on the merits because it dismissed the Counterclaim with prejudice.

> ### E. Plaintiff filed a Notice of Appeal but did not timely file a Petition for Appeal with the Virginia Supreme Court and the Prior Action is now final and un-appealable.

On February 20, 2015, Plaintiff timely filed a Notice of Appeal with the Fairfax Circuit Court. Under Rule 5:17(a) (1) of the Rules of the Supreme Court of Virginia, Plaintiff had until April 23, 2015 to file his Petition for Appeal (3 months after the date of entry of the final order).

Unlike the appeal in his divorce case, Plaintiff's appeal in the Prior Action was not an appeal of right. See Va. Sup. Ct. Rule 5:20. On April 20, 2015, three days before his Petition for Appeal was due, Plaintiff requested an extension of time in which to file his Petition from the Virginia Supreme Court. The next day, the Virginia Supreme Court denied that request. See **Exhibit 6**.

On April 23, 2015, Plaintiff filed his Petition in Bankruptcy with this Court. Contrary to his allegation in Paragraph 20 of his Complaint, the filing of the Petition in Bankruptcy did not stay the appeal process with respect to the Prior Action for multiple reasons. First, unlike the Virginia Court of Appeals, the Virginia Supreme Court has not entered an order indicating that it has stayed Plaintiff's appeal or extended the time to file his Petition. Second, regarding the appeal of the denial of the Counterclaim, that appeal was of an action initiated by Plaintiff. Consequently, the stay imposed by § 362 of the Bankruptcy Code does not apply to that appeal. Crosby v. Monroe County, 394 F.3d 1328 (11th Cir. 2004), see also Kozich v. Cavallaro (In re Kozich), 406 B.R. 949, (Bankr. S.D. Fla. 2009), Neal v. Residential Credit Solutions, Inc., 2013 U.S. Dist. LEXIS 52335, 2013 WL 1561163 (D. Md. Apr. 11, 2013).Third, as it relates to Wells Fargo's original complaint in the Prior Action, the bankruptcy stay is likewise inapplicable because the purpose of that claim was not to recover or enforce a pre-petition claim against the debtor. The only relief sought by Wells Fargo in that case was against Zolfaghar. Plaintiff was merely named out of an abundance of caution because he had an ownership interest in the Property. However, it is undisputed that his interest in the Property was already subject to the lien of the Deed of Trust. In addition, Plaintiff has no possible right to appeal any issue related to the entry of the Reformation Order. Consequently, the automatic stay does not apply here.

Because Plaintiff failed to timely file his Petition for Appeal with the Virginia Supreme Court, all matters in the Prior Action are now final and un-appealable.

**Conclusion**

Not satisfied with the results of the Prior Action, Plaintiff seeks to use this Bankruptcy proceeding to re-litigate issues that were already decided by the Fairfax County Circuit Court. Plaintiff failed to preserve his appeal rights and the orders in the Prior Action are now final and un-appealable. In addition, Plaintiff has not, and cannot, adequately plead a cause of action against Wells Fargo based on an alleged breach of a duty of good faith and fair dealing. Therefore, Wells Fargo respectfully submits that its Rule 12(b) (6) Motion to Dismiss Plaintiff's claims should be granted as to Wells Fargo and the Complaint dismissed with prejudice.

Respectfully submitted,

Wells Fargo Bank, N.A.
By Counsel

Dated: July 29, 2015                     WALSH, COLUCCI, LUBELEY, & WALSH, P.C.

*/s/ John E. Rinaldi*
John E. Rinaldi, VSB NO. 31580
4310 Prince William Parkway, Suite 300
Prince William, VA 22192
Telephone:  (703) 680-4664
Facsimile:  (703) 680-2161
jrinaldi@thelandlawyers.com

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on this 29th day of July 2015, I filed the foregoing by using the CM/ECF system, which will send a notice of electronic filing through the Court's electronic filing systems to counsel for the Plaintiff and all parties who have entered an appearance in this matter.

In addition, I hereby certify that the following parties that have not yet entered an appearance were served via First-Class Mail postage prepaid at the following address:

Chicago Title Insurance Co.
601 Riverside Drive
Jacksonville, FL 32204

Sharbanou Hijian
4817 Autumn Glory Way
Chantilly, VA 20151

Jae Kim
2000 P Street, NW
Suite 740
Washington, DC 20036

Iran Zolfaghar
4817 Autumn Glory Way
Chantilly, VA 20151

*/s/ John E. Rinaldi*

P0574271.DOCX